UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW D. INGRAM; WANDA FORD INGRAM; MICHELE CUELLO,<br><br>Defendants. | Case No. 18-cv-1683-JAH-BGS<br><br>**ORDER SUA SPONTE REMANDING UNLAWFUL DETAINER ACTION TO STATE COURT AND DENYING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

On May 24, 2018, Plaintiff Breckenridge Property Fund 2016, LLC ("Breckenridge") filed a complaint in the Superior Court of California, County of San Diego alleging unlawful detainer against Defendants Matthew D. Ingram, Wanda Ford Ingram, Michele Cuello, and Does 1 to 10. See Doc. No. 1–2. The complaint alleges one state law cause of action and confirms it is a limited civil case with a demand under $10,000.00. Id. On July 23, 2018, Defendant Michele Cuello, appearing *pro se*, filed a notice of removal, as well as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). See Doc. Nos. 1, 2. For the reasons set forth below, this Court finds it lacks jurisdiction over the complaint and, therefore, *sua sponte* **REMANDS** the matter to state court for all further proceedings.

1

## DISCUSSION

Federal Courts are courts of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769,774 (9th Cir. 1986). As such, federal courts cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). Thus, a "district court must remand 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.' " Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 789–90 (9th Cir. 2018) (quoting 28 U.S.C. § 1447(c)). "In essence, subject matter jurisdiction is the touchstone for a district court's authority to remand *sua sponte*." Id.

Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq. A state court action can be removed if it could have originally been brought in federal court under either federal question jurisdiction or diversity jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

Upon review of the notice of removal, this Court finds it appropriate to *sua sponte* remand the case to state court because the notice of removal fails to establish a proper basis for this Court's jurisdiction. Defendant maintains this action is removable because the Protecting Tenants at Foreclosure Act ("PTFA") preempts state law as to bona fide residential tenants of foreclosed landlords. Doc. No. 1, pg. 2. However, preemption gives rise to federal question jurisdiction only when an area of state law has been completely preempted by federal law. See Caterpillar, 482 U.S. at 393. Defendant fails to demonstrate that the PTFA completely preempts state law. "Only the following three areas have been recognized as areas of complete preemption by the United States Supreme Court and circuit law: (1) claims under the Labor Management Relations Act; (2) claims under the Employment Retirement and Insurance Security Act; and (3) certain Indian land grant

rights." <u>Wells Fargo Bank v. Lapeen</u>, No. C 11-01932 LB, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) (citing <u>Robinson v. Michigan Consol. Gas Co. Inc.</u>, 918 F.2d 579, 585 (9th Cir.1990)). Moreover, the express language of the statute indicates Congress did not intend the PTFA to be the exclusive remedy. 12 U.S.C. § 5220 Note § (a) (Stating that the Act does not affect the requirements of any state or local law providing for longer time periods or additional protections for tenants); <u>see also</u> <u>PNC Bank, National Association v. Branch</u>, 2011 WL 281806 (D.Arizona 2011). To the extent Defendant asserts the PTFA as a defense, a federal defense is insufficient to establish federal question jurisdiction. <u>See Caterpillar</u>, 482 U.S. at 393.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The instant complaint is *sua sponte* **REMANDED** to state court for all further proceedings;
2. Defendant's Motion for Leave to proceed *in forma pauperis* [Doc. No. 2] is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: August 15, 2018

_____
JOHN A. HOUSTON
United States District Judge